# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: Donna Y. Thompson | ) | **Chapter 13 Case No.: 16-52189** |
| | ) | |
| | ) | **Judge Alan M. Koschik** |
| | ) | |
| Debtor(s). | ) | ☐ Original Chapter 13 Plan |
| | ) | ☒ First Amended Chapter 13 Plan** |
| | ) | ☐ See Paragraph Thirteen for Special Provisions |

*********************************************************************************

**ATTENTION CREDITORS - YOUR RIGHTS MAY BE AFFECTED**.

   The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**
_____

**   Reason Plan is Being Amended

Increasing Trustee payment from $714.00 to $750.00 per month.


**1.    PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

  A.  To the Chapter 13 Trustee (hereinafter "Trustee"): $ _750.00_____ per month, payable in
     ☐ monthly  ☐ semi-monthly  X☐ bi-weekly  ☐ weekly  installments of $346.16__ each,

  __X__ The Debtor is employed by Akron General Medical Center. Attn: Payroll, 1 Akron General Avenue, Akron, OH  44307 and shall make payment by payroll deduction.

  _____ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

  _____ The Debtor is retired and/or has (source of income) and shall make payments to the Trustee by check or money order.

**TAX REFUNDS**

   The Debtor(s) further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan. Tax Refunds are in addition to the monthly plan payment and the Trustee is authorized to adjust the unsecured dividend based on the turnover of any future tax refunds.

**TEMPORARY SUSPENSION OF PLAN PAYMENTS**

Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan. The Debtor(s) agree that should a pay suspension be approved, the suspended payments shall be added to the end of the plan and must be made in order for the Debtor(s) to earn a discharge. The Debtor(s) may extend the duration of their plan in order to make up the suspended payments. Creditors entitled to interest shall their interest continue to accrue during any suspension period. Debtor(s) shall not suspend their plan payments to a level which prohibits conduit mortgage payments from being paid.

2. **ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

Concurrent with the filing of this plan, the Debtor(s) has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3. **ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) conduit mortgage payments on the debtor(s)'s residence; (iii) conduit mortgage payments on real property other than the debtor(s)'s residence; (iv) attorney fees as allowed under applicable rules and guidelines; (v) monthly payments as provided for in Paragraphs 4, 5 and 6; (vi) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (vii) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (viii) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

4. **CLAIMS SECURED BY REAL PROPERTY**

   A. **Conduit Mortgage Payments to be Paid Through the Chapter 13 Plan**

   **The Debtor(s)'s Residence**

Creditor                     Property Address                                   Monthly Payment

Select Portfolio Servicing   1380 Roslyn Ave., Akron, OH  44320_____          $__485.00_____


_____   _____          $_____



**Other real properties with mortgage payments to be conduit through the plan:**

| Creditor | Property Address | Monthly Payment |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Conduit payments shall begin for the month which the case was filed,.  During the plan, conduit payments are subject to changes due to escrow, interest and other adjustments. Unless real estate taxes and insurance are included in the mortgage payments  paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due. The creditor should file with the Court any changes in the mortgage payment. If the mortgage payment is increased and it causes feasibility issues, the Trustee will file a motion to increase the Debtor's payments to maintain feasibility of the plan. The Trustee shall not commence monthly mortgage payments until the creditor files its Proof of Claim and the Plan is confirmed.

The mortgage creditor, or any of its successor or services, shall accept the Trustee's payment as being timely made. However, debtor bears ultimate responsibility of making the monthly Chapter 13 payment timely in order for the Trustee to make the mortgage payment.. Accordingly, the debtor(s) shall ensure that the Trustee receives the payment no later than the 20th of each month so that the mortgage payment can be made. The Trustee shall not bear responsibility to the creditor should the debtor fail to make the Chapter 13 plan payment timely.

    B.  **Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments or pro rata (whichever is stated below).

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| Select Portfolio | 1380 Roslyn Ave, Akron, OH | $6,000.00 | |
| Summit County Fiscal | 1380 Roslyn Ave, Akron, OH | $1,400.00 | |

    C.  **Liens and Other Claims secured by Real Estate**

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|

5. **CLAIMS SECURED BY PERSONAL PROPERTY**

   A.  **Secured Claims to be Paid Through the Plan:**

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

Note:  If  no dollar amount is stated under the monthly payment amount in paragraph five, the Trustee is authorized to pay the claims pro rata based on funds available.

6. **FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| | | |

7. **DOMESTIC SUPPORT OBLIGATIONS**

Debtor ☐ does     X☐ does not     have domestic support obligations pursuant to 11 U.S.C. §101(14A).

<u>If the Debtor does have domestic support obligations:</u>
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below.  If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency ( mandatory) |
|---|---|---|
| | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations.  Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| | | |

**8. OTHER PRIORITY CLAIMS**

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| | |

**9. GENERAL UNSECURED CLAIMS**

All timely filed pre-petition undisputed non priority unsecured creditors shall receive a 1.0% dividend or share in funds totaling $892.00, whichever is greater.

The Trustee is authorized to adjust the percentage dividend or dollar amount if funds other than the scheduled plan payments are received by the Trustee, unless the Court has ordered the funds distributed to secured or priority creditors. This can include, but is not limited to, the turnover of tax refunds, property sales, inheritance, or bonuses while the Chapter 13 plan is pending.

The Trustee is authorized to adjust the percentage dividend or dollar amount accordingly if any unsecured creditor returns funds to the Trustee for any reason. The returned funds will be distributed to the remaining unsecured creditors.

The Trustee is authorized to adjust the percentage dividend or dollar amount accordingly if all unsecured creditors have not filed claims by the claims bar date, and the failure of these creditors to file claims will cause the plan to complete before the Debtor(s)'s respective applicable commitment period.

Unless the Court orders otherwise, the Trustee is authorized to adjust the percentage dividend or dollar amount to that the Debtor(s) plan extends for the Debtor(s)'s full applicable commitment period.

THE TRUSTEE IS NOT AUTHORIZED TO INCREASE PLAN PAYMENTS UNLESS THE TRUSTEE HAS FILED A MOTION PUTTING THE DEBTOR AND DEBTOR'S COUNSEL ON NOTICE AND THE COURT APPROVES THE MOTION.

**10. PROPERTY TO BE SURRENDERED**

Debtor(s) will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|
| | |

**11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor(s) to the creditor:

| Creditor | Property Description |
|---|---|

**12. POST-PETITION CLAIMS**

The plan shall allow for the payment of all or a part of a post-petition claim allowed under 11 U.S.C. Sec. 1305.

**13. SPECIAL PROVISIONS**


\_/s/ Donna Y. Thompson_____  _____
Debtor's Signature – Name typed below        Debtor's Signature – Name typed below

\_\_\_Donna Y. Thompson_____  _____



Attorney Signature\_/s/ Maurice E. Graham_____

Name\_\_Maurice E. Graham_____

Ohio Registration No.\_0072205_____

Address\_333 S. Main Street, Suite 601, Akron, OH  44308

Phone\_\_330-253-6264_____

Fax\_\_\_\_330-253-6265_____

# CERTIFICATE OF SERVICE

I certify that on October 31, 2016, a true and correct copy of the forgoing was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

    Keith Rucinski on behalf of the Chapter 13 Trustee's office at efilings@ch13akron.com and krucinski@ecf.epiqsystems.com

    Office of the U.S. Trustee at USTP.Region09@usdoj.gov

And by regular U.S. mail, postage prepaid, to:

    Donna Thompson, 1380 Roslyn Avenue, Akron, OH 44320

    All Creditors (see attached)

    /s/ Maurice E. Graham, Esq.
    Maurice E. Graham (0072205)
    333 S. Main Street, Suite 601
    Akron, OH 44308
    (330) 253-6264
    (330) 253-6265 (Fax)
    grahamlawoffice1@att.net

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0647-5<br>Case 16-52189-amk<br>Northern District of Ohio<br>Akron<br>Mon Oct 31 14:58:02 EDT 2016 | Akron<br>455 U.S. Courthouse<br>2 South Main Street<br>Akron, OH 44308-1813 | Recovery Management Systems Corporation<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605 |
| 455 John F. Seiberling Federal Building<br>US Courthouse<br>2 South Main Street<br>Akron, OH 44308-1848 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Calvary Portfolio<br>PO Box 27288<br>Tempe, AZ 85285-7288 |
| Capital Management Services, LP<br>698 1/2 South Ogden Street<br>Buffalo, NY 14206-2317 | Chase<br>PO Box 15298<br>Wilmington, DE 19850-5298 | Citi Cards<br>PO Box 790040<br>Saint Louis, MO 63179-0040 |
| Citibank NA<br>PO Box 769006<br>San Antonio, TX 78245-9006 | Collection Technology<br>1200 Corporate Center Drive #325<br>Monterey Park, CA 91754-7677 | Credit Control LLC<br>PO Box 546<br>Hazelwood, MO 63042-0546 |
| Great Lakes Higher Education<br>2401 International Lane<br>Madison, WI 53704-3192 | Levy & Associates, LLC<br>4645 Executive Drive<br>Columbus, OH 43220-3601 | Midland Funding<br>2365 Northside Drive, Suite 300<br>San Diego, CA 92108-2709 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | SYNCB<br>PO Box 965005<br>Orlando, FL 32896-5005 |
| Select Portfolio Servicing<br>PO Box 62520<br>Salt Lake City, UT 84165-0250 | Summit County Court of Common Pleas<br>Clerk of Courts<br>205 S. High Street, First Floor<br>Akron, OH 44308-1642 | Summit County Fiscal Officer<br>175 S. Main Street Suite 320<br>Akron, OH 44308-1353 |
| Synchrony Bank<br>PO Box 965064<br>Orlando, FL 32896-5064 | Weltman, Weinberg & Reis Co., LPA<br>323 W. Lakeside Ave., Suite 200<br>Cleveland, OH 44113-1009 | Donna Y. Thompson<br>1380 Roslyn Avenue<br>Akron, OH 44320-3443 |
| Keith Rucinski<br>Chapter 13 Trustee<br>One Cascade Plaza Suite 2020<br>Akron, OH 44308-1160 | Maurice E. Graham<br>Graham & Associates Law Offices, LLC<br>333 S. Main Street<br>Suite 601<br>Akron, OH 44308-1228 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank of America
PO Box 982238
El Paso, TX 79998

Portfolio Recovery Associates
120 Corporate Blvd
Norfolk, VA 23502

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)US Bank Trust N.A.

End of Label Matrix
Mailable recipients    25
Bypassed recipients     1
Total                  26